IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-111-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>SELEDONIO MARTINEZ, )<br>)<br>Defendant. ) | **ORDER** |

On December 28, 2021, Seledonio Martinez ("Martinez" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 61]. That same day, the court appointed counsel for Martinez pursuant to 19-SO-3 [D.E. 62]. On February 19, 2022, Martinez, through counsel, filed a memorandum in support [D.E. 64]. On April 21, 2022, the government responded in opposition [D.E. 69]. As explained below, the court denies Martinez's motion.

I.

On May 2, 2019, Martinez pleaded guilty to illegal reentry of an alien deported subsequent to a felony conviction. See [D.E. 1, 28, 54]. On November 1, 2019, the court held Martinez's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 41]; Sent. Tr. [D.E. 55] 4; [D.E. 44]. The court calculated Martinez's total offense level to be 17, his criminal history category to be IV, and his advisory guideline range to be 37 to 46 months' imprisonment. See PSR ¶ 49; Sent. Tr. at 5–6. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the

court sentenced Martinez to 46 months' imprisonment. See [D.E. 50] 2; Sent. Tr. at 6–11. Martinez appealed. See [D.E. 46]. On August 18, 2020, the United States Court of Appeals for the Fourth Circuit affirmed Martinez's conviction and sentence. See United States v. Martinez, 816 F. App'x 846 (4th Cir. 2020) (per curiam) (unpublished); [D.E. 56, 57, 58].

On December 28, 2021, Martinez moved for compassionate release. See [D.E. 61]. The government opposes the motion. See [D.E. 69].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th

2

126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10

3

years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

On November 16, 2021, Martinez applied to his warden for compassionate release. See [D.E. 61] 3; [D.E. 61-1] 3. Martinez states that he received no response. See [D.E. 61-1] 3; [D.E. 64] 2. However, according to the government, the warden denied Martinez's request on January 19, 2022. See [D.E. 69] 4. The government has not invoked section 3582(c)(1)(A)'s exhaustion requirement. See id. Thus, the court assumes Martinez has met the exhaustion requirement and addresses Martinez's motion on the merits. See Muhammad, 16 F.4th at 130.

Martinez seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (obesity, diabetes, and hypertension), his rehabilitative efforts, his release plan, and his desire to help care for his ill, elderly mother in El Salvador. See [D.E. 61] 5; [D.E. 61-1] 2–5; [D.E. 61-2]; [D.E. 61-4]; [D.E. 61-5]; [D.E. 61-6]; [D.E. 64] 3–6.

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Martinez is 57 years old and, according to medical records, is overweight and has diabetes, hypertension, and hyperlipidemia. See [D.E.61-4].

Martinez argues that his medical conditions put him at heightened risk of serious infection or death from COVID-19. See [D.E. 61] 4–5; [D.E. 61-1] 2–3; [D.E. 64] 3–5. However, Martinez

4

has received two doses of the Moderna COVID-19 vaccine. See [D.E. 61-4] 46. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Martinez from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1;

5

Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing Martinez's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "family circumstances" policy statement, it does not apply to a desire to care for a parent. See U.S.S.G. § 1B1.13 cmt. n.1. Nonetheless, the court considers Martinez's desire to help care for his ill, elderly mother in El Salvador under the "other reasons" policy statement and assumes without deciding that it is an extraordinary and compelling reason.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Martinez's medical conditions, his rehabilitative efforts, his release plan, and his desire to help care for his ill, elderly mother in El Salvador are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Martinez's sentence. See Hargrove, 30 F.4th at 198–99; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

Martinez is a 57-year-old citizen of El Salvador and is incarcerated for illegal reentry of an alien deported subsequent to a felony conviction. See PSR ¶¶ 1–8. On September 9, 2005, Martinez received a felony conviction for making a false statement identifying himself as Alberto Alicea-Huertas, an American citizen born in Puerto Rico. See id. ¶¶ 6 n.2, 16. On September 21, 2006, Martinez was deported from the United States. See id. ¶ 6. On or before August 2, 2008, Martinez illegally reentered the United States. See id. ¶¶ 7–8. On January 25, 2018, in Wake

6

County, North Carolina, under the alias name of Jose Rivera Rosado, Martinez forced a child under the age of 16 into his taxi, transported her to his residence, and then sexually assaulted and restrained her. See id. ¶ 17. On November 28, 2018, Martinez pleaded guilty to second degree kidnapping and sexual battery. See id. ¶¶ 6 n.1, 17. As a result of Martinez's arrest, officials from the United States Department of Homeland Security, Immigration, and Customs Enforcement investigated Martinez and determined that he had been deported from the United States following his felony conviction for making a false statement. See id. ¶ 7. Martinez also has misdemeanor convictions for larceny, trespassing, and forgery. See id. ¶¶ 13–15.

Martinez has made some positive efforts while federally incarcerated. Martinez works in food service in his unit. See [D.E. 61-5] 2. He states that he wants to take courses in the BOP but had been unable to at the time of his filings due to COVID-19 lockdowns. See [D.E. 61-1] 4. He has not incurred any disciplinary infractions while federally incarcerated. See [D.E. 61-5] 1; [D.E. 69] 3.

The court must balance Martinez's positive efforts while incarcerated with his serious criminal conduct, his serious and violent criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Martinez's potential exposure to COVID-19, his medical conditions, his vaccinated status, his rehabilitative efforts, his release plan, and his desire to help care for his ill, elderly mother in El Salvador. Martinez has a release plan that includes living with his sister in El Salvador and returning to employment at an electric company. See [D.E. 61-1] 4; [D.E. 61-2] 2. The court recognizes Martinez hopes to help care for his ill, elderly mother. See [D.E. 61] 5; [D.E. 61-1] 3; [D.E. 61-6].

7

Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Martinez's arguments, the government's persuasive response, the need to punish Martinez for his serious criminal behavior, to incapacitate Martinez, to promote respect for the law, to deter others, and to protect society, the court denies Martinez's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

### III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 61].

SO ORDERED. This 10 day of October, 2022.

JAMES C. DEVER III
United States District Judge